**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLAN JOSSETH ZELAYA ROOL,<br><br>    Petitioner<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>    Respondents | Case No.: 2:26-cv-01125-APG-BNW<br><br>**Order Granting Motion for Limited Discovery**<br><br>[ECF No. 7] |

Petitioner Allan Josseth Zelaya Rool moves for limited discovery to assist him in preparing an amended petition for writ of habeas corpus or to inform his decision on whether to dismiss his petition. ECF No. 7.  I directed the parties to confer about whether the respondents would comply with the request for discovery without a court order. ECF No. 8.  The respondents agreed to provide some information but did not provide Rool's entire A-file or transcripts and audio of his reasonable fear interviews because the respondents assert those are not relevant to this habeas matter, which challenges the legality of his detention.

Rool replies that after receiving some documents from the respondents, counsel requested documentation to show how long Rool was in ICE custody before his 2016 deportation but has not received a response.  He thus requests his entire A-file because prior detention may impact the legality of the length of his current detention.  Rool also argues that without reviewing the credible fear interviews, he cannot reasonably identify all statutory and constitutional grounds that may impact his detention.  Additionally, Rool states that he needs documentation related to his spousal petition because that also may impact the propriety of his current detention.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Documents in the A-file that show how Rool entered the country, how his prior detention (or lack thereof) was classified, how long he was held in prior detention, and any credible fear grounds he may have to challenge his detention in anticipation of removal to certain countries are all potentially relevant to claims he may assert in his amended habeas petition. Consequently, I grant his motion.

I THEREFORE ORDER that by June 10, 2026, the respondents must produce to petitioner Allan Josseth Zelaya Rool his entire A-file, any transcripts and audio from any of his credible fear interviews, and documentation about the status of his spousal petition, including, if it was resolved, any documentation showing the resolution of that petition. If there is a particular document or portion of a document that respondents believe should not be produced due to some privilege or confidentiality concern, they must provide a log to Rool identifying what has been withheld and the basis for withholding so that Rool may challenge those designations if he chooses to do so.

DATED this 1st day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2