# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALLAN JOSSETH ZELAYA ROOL,

    Petitioner

v.

TODD BLANCHE, et al.,[1]

    Respondents

Case No.: 2:26-cv-01125-APG-BNW

**Order Granting Petitioner's Emergency Motion**

[ECF No. 14]

Allan Rool is a noncitizen currently detained by Immigration and Customs Enforcement (ICE). ECF No. 1-1 at 2.  He was detained at the Nevada Southern Detention Center at the time he filed his petition for habeas corpus in this court. *Id.* at 1.  On April 13, 2026, I ordered that "the respondents shall not transfer Petitioner out of this District, with the exception of effectuating his lawful deportation, until further order of the Court." ECF No. 3 at 3.

It appears that Rool is under a prior final order of removal from 2016. ECF No. 7-3 at 2-3; see also 8 U.S.C. § 1231(a)(5).  However, Rool also apparently has some form of visa request pending at the Department of State. ECF No. 7-6 at 2.  Rool had a hearing before an immigration judge on May 6, 2026, although it is unclear what the purpose of that hearing was. ECF No. 7-4. The immigration judge issued a decision on May 14, 2026 but there is no information about what the decision was. ECF No. 14-1; *see also EOIR Automated Case Info.*, EXEC. OFF. FOR IMMIGR. REV., https://acis.eoir.justice.gov/en (last visited June 2, 2026).  It is uncertain whether Rool has appealed or will appeal that decision because the time to do so has not yet run. These ambiguities exist at least in part because the government previously resisted providing

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

complete discovery to Rool so that he, and this court, could have a clearer understanding of Rool's immigration status and proceedings.

On June 1, 2026, I granted Rool's request for limited discovery so that his appointed counsel could gather information sufficient to prepare an amended habeas petition. ECF No. 12. That same day, the respondents filed a status report indicating that Rool is scheduled to be removed to Honduras on June 5, 2026. ECF No. 13. That prompted Rool to file an emergency motion on June 2. ECF No. 14 at 2. Rool's counsel states that she learned the morning of June 2 that Rool had been transferred out of the District of Nevada to the Florence Processing Center in Florence, Arizona. *Id.*

Rool requests that I enjoin the respondents from removing him from the United States until this case has been resolved and to return him to the District of Nevada to enable consultation with his counsel. Rool argues that the respondents have not yet complied with my order to produce limited discovery, which impedes counsel's ability to determine what claims to include in an amended petition. Counsel states that, on information and belief, Rool has potential grounds for relief related to applications for asylum and a spousal petition. Counsel asserts that when Rool was arrested in March of this year, he had a reasonable fear interview pursuant to 8 C.F.R. § 208.31, but counsel does not know what happened at that interview because the respondents have not turned over that information. Additionally, Rool's counsel argues that even if the May 14 decision by the immigration judge denied his reasonable fear claim, he would have 30 days to appeal that decision. He asserts that denying him his right to appeal that decision would violate due process.

To preserve the status quo while I decide Rool's habeas corpus petition, I order that the government may not remove Rool from the United States until I determine whether his appeal

rights on any withholding of removal claim have been exhausted. "[W]here an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012). As explained in *Padilla-Ramirez v. Bible*, although a reinstated removal order is final in terms of the source of detention authority under § 1231, it is "not 'final' for judicial-review purposes until the relevant administrative proceedings conclude." 882 F.3d 826, 834 (9th Cir. 2017).[2] Although the respondents state that Rool was moved to Arizona to effectuate his lawful removal, it is not clear that his removal is lawful at this time. If the immigration judge denied a reasonable fear claim, Rool may have appealed or still has time to appeal that decision, rendering his reinstated removal order non-final for purposes of executing it until those proceedings are complete.

Additionally, there is no evidence that removal to a third country is lawful at this point. Therefore, it is not clear that transferring him to a staging facility in Arizona would further his lawful deportation. If the government attempts to remove Rool to a third country such as Mexico after his removal order is final, it must comply with the due process requirements of notice and a reasonable opportunity to be heard before a third country removal can be

---

[2] *See also id.* at 832 (stating that "the Department of Homeland Security likely cannot execute the reinstated removal order until the reasonable fear and withholding of removal proceedings are complete." (quotation omitted)); *Johnson v. Guzman Chavez*, 594 U.S. 523, 533-40 (2021) (explaining the difference between a removal order being administratively final in terms of whether a noncitizen can be removed versus where a noncitizen may be removed); 8 C.F.R. §§ 208.1(a), 208.5(a); 8 C.F.R. § 241.8(e) ("If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning to the country designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter.").

effectuated. *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763 at *4 (D. Nev. Apr. 22, 2026) (collecting cases).  The government must provide "written notice of the country being designated" and "the statutory basis for the designation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019).  Additionally, the government must ask Rool whether he fears persecution or harm upon removal to the third country, and his response must be memorialized in a writing signed by Rool. *Id.*  "If the noncitizen expresses a fear of persecution or harm, DHS must inform the noncitizen that he or she may seek asylum, withholding, and relief under the [Convention Against Torture (CAT)] by filing a motion to reopen with the immigration courts." *Id.*  Finally, the government must give Rool "adequate time to prepare and file a motion to reopen in order to challenge DHS's country designation and/or apply for asylum, withholding, and relief under the CAT." *Id.* at 1020; *see also A.A.M. v. Andrews*, 815 F. Supp. 3d. 1124,1138  (E.D. Cal. Dec. 4, 2025) (concluding the petitioner was likely to succeed on the merits because "due process requires Petitioner be provided an opportunity to have his fear-based claims for removal to [a third country] considered by an immigration judge").

I therefore grant Rool's emergency motion and order that the government may not remove Rool from the United States until I determine that there is an executable final order of removal.  Additionally, because it is not clear that Rool's removal from the country is lawful, and he could be removed from this District only to effectuate his lawful removal under my prior order, I order the respondents to return Rool to the District of Nevada.

I THEREFORE ORDER that petitioner Allan Josseth Zelaya Rool's emergency motion **(ECF No. 14) is GRANTED**.  The respondents may not remove Rool from the United States until I determine that there is an executable final order of removal.

I FURTHER ORDER that even after a final order of removal, the respondents are prohibited from removing Allan Josseth Zelaya Rool to any third country, including Mexico, without providing him and his counsel adequate notice of intent to seek removal to a third country and due process in the form of providing him a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

I FURTHER ORDER that Allan Josseth Zelaya Rool must be physically transferred to ICE custody at the Nevada Southern Detention Center in Pahrump, Nevada, no later than **June 5, 2026**. The respondents must file a notice of compliance by June 10, 2026.

DATED this 3rd day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE