**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALLAN JOSSETH ZELAYA ROOL,

Petitioner

v.

TODD BLANCHE, et al.,

Respondents

Case No.: 2:26-cv-01125-APG-BNW

**Order Granting First Amended Petition**

[ECF No. 24]

Petitioner Allan Josseth Zelaya Rool is a noncitizen who has been held in custody by Immigration and Customs Enforcement (ICE) since March 2026. ECF No. 24 at 4. Rool had a final order of removal entered against him in 2016, and he was removed from the country in September 2016. ECF No. 24-2 at 4. He returned to the United States at some point, was arrested by the Las Vegas Metropolitan Police Department in March 2026 and placed in ICE custody soon thereafter. *Id.* In May 2026, an immigration judge (IJ) ruled that Rool had not established grounds for a reasonable fear of returning to Honduras. ECF No. 24-6 at 2. Rool appealed the IJ's decision to the Ninth Circuit, and that court granted him a temporary stay of removal. ECF No. 24-7 at 2. His appeal of the IJ's decision and the temporary stay of removal remain pending before the Ninth Circuit. *Id.*

Rool filed a petition for a writ of habeas corpus in this court seeking his release. He argues that the respondents did not properly reinstate his prior removal order, his arrest and detention were faulty because the warrant and notice of reinstatement were issued after he had already been arrested and the warrant was not signed by an authorized official, he was not given an opportunity to contest whether the removal order should be reinstated, he was denied due

process, his detention is unreasonably long under the reasoning of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and ICE violated its own regulations by not providing him a custody review.

The respondents raise two arguments in response. First, they contend that I lack jurisdiction over this petition. I have rejected this argument many times over, and I do so again here. *See, e.g.*, *Rodriguez v. Mullin*, No. 2:26-CV-00531-APG-NJK, 2026 WL 895685, at *2 (D. Nev. Apr. 1, 2026).

Second, the respondents argue that Rool is subject to a final order of removal, so his detention is governed by 8 U.S.C. § 1231 and *Zadvydas*. The respondents contend that "the removal period does not begin if the removal is pending before the Circuit Court of Appeals with a stay entered until the final order of the court." ECF No. 27 at 9-10 (citing 8 U.S.C. § 1231(a)(1)(B)(ii)). The respondents argue the removal period "has not begun because the removal is stayed pending review by the Ninth Circuit Court of Appeals," and the removal period "will not begin to run until the final order of the court." *Id.* at 10. The respondents then assert that "[a]s a result, the detention is lawful pursuant to § 1231." *Id.* The respondents do not respond to any of Rool's other arguments.

Rool replies that the respondents incorrectly equate his appeal of the IJ's ruling denying his reasonable fear claim with an appeal of a removal order. Rool asserts § 1231(a)(1)(B)(ii) does not apply because he did not appeal the removal order, and this statute refers only to appeals of the removal order. Rool argues that because the respondents did not address any of his other arguments, I should grant his petition and order his release.

Under 8 U.S.C. § 1231(a)(2), detention is mandatory during the removal period. Thus, it is important to determine when the removal period commences. As relevant to the government's argument here, § 1231(a)(1)(B)(ii) states that the removal period begins on "the date of the

court's final order" "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien." By its plain language § 1231(a)(1)(B)(ii) applies when the removal order is judicially reviewed. But the government presents no evidence that Rool's Ninth Circuit appeal challenges the removal order. Rather, his appeal relates to the IJ's reasonable fear determination. Section 1231(a)(1)(B)(ii) "does not apply because it affects the removal period only when the removal order is being judicially reviewed. And a stay issued during an appeal that does not entail judicial review of a removal order also does not trigger § 1231(a)(1)(B)(ii)." *Medina v. Chief Council*, No. 2:25-CV-02623-APG-DJA, 2026 WL 560218, at *2 (D. Nev. Feb. 27, 2026) (citing *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008)). The government thus has not shown that its only argument is supported by the facts or the law.

The government does not respond to any of Rool's other arguments. It therefore concedes those points. LR 7-2(d). Additionally, because the government has not substantively responded to Rool's petition, it has not shown that there is a significant likelihood of his removal in the reasonably foreseeable future. His stay of removal from the Ninth Circuit suggests that his removal is not significantly likely in the reasonably foreseeable future, so under *Zadvydas*, his petition should be granted. Accordingly, I grant the petition and order Rool's release.

I THEREFORE ORDER respondent John Mattos to release petitioner Allan Josseth Zelaya Rool from the custody of CoreCivic no later than 1:00 p.m. on Thursday, October 8, 2026. The respondents must transport Rool to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Rool's counsel of the estimated time of release for coordination purposes at least one hour before he is released.

I FURTHER ORDER the respondents to return all of Rool's personal property to him upon his release.

I FURTHER ORDER that the respondents are enjoined from re-detaining Rool in the future absent proof of changed circumstances making his removal reasonably foreseeable.

I FURTHER ORDER the clerk of court to close this case.

DATED this 7th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE